IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATRINA BALDWIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-02631-D |
| | § | |
| KENCO LOGISTICS SERVICES, L.L.C., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Kenco Logistics Services, L.L.C. ("Defendant" or "Kenco") moves to dismiss Plaintiff Katrina Baldwin's ("Plaintiff") claims in their entirety and shows the Court as follows:

### I.   INTRODUCTION AND SUMMARY OF ARGUMENT

In her Original Petition[1] ("Petition"), Plaintiff asserts claims under Chapter 21 of the Texas Labor Code. Plaintiff's claims are untimely because she failed to timely file her charge with the Texas Workforce Commission ("TWC Charge") within the 180-day limitations period set forth by the statute, and thus, she has failed to adequately exhaust her administrative remedies. Additionally, Plaintiff's Petition is devoid of any factual allegations to support her retaliation claim. The Court should, therefore, dismiss Plaintiff's Petition against Kenco for being time barred and for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

---

[1] Plaintiff's pleading is referred to as a "Petition" rather than a "Complaint" because it was filed in state court, prior to removal.

## II.     MOTION TO DISMISS

Kenco moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's Petition is time barred and fails to state a claim upon which relief can be granted. For the reasons set forth below in detail, Plaintiff's Petition and claims therein should be dismissed in their entirety.

## III.     ARGUMENT & AUTHORITIES

### A.     Legal Standards.

#### 1. *Dismissal under Rule 12(b)(6).*

Federal Rule of Civil Procedure 12(b)(6) is meant to dismiss insufficiently pleaded and legally deficient claims. *See* Fed. R. Civ. P. 12(b)(6). Dismissal of a complaint under Rule 12(b)(6) is appropriate where a plaintiff does not (1) show an entitlement to relief that is more than mere speculation, or (2) plead facts sufficient enough for the court to infer more than a mere possibility of misconduct on the part of the defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a plaintiff's claims must show that she is entitled to the relief she seeks. *See* Fed. R. Civ. P. 8(a). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Powell*, 2018 U.S. Dist. LEXIS 75153, at *13. Due to the heightened pleading standard of Rule 8(a), a court need not accept as true any legal conclusions contained within a complaint's allegations. *Iqbal*, 556 U.S. at 678. Thus, while Rule 8 does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

It follows then that the factual allegations must plausibly suggest the plaintiff's claim for relief. *See id.*; *Bell Atl.*, 550 U.S. at 555. For example, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions" devoid of "further factual enhancement" will not suffice to satisfy the pleading requirements in federal courts. *Id.* (citing

*Bell Atl.*, 550 U.S. at 555, 557). In that regard, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). The alleged facts must "raise a right to relief above the speculative level." *Powell v. Akin Gump Strauss Hauer Feld LLP*, Civil Action No. 3:17-CV-1726-K-BH, 2018 U.S. Dist. LEXIS 75153, at *14 (N.D. Tex. 2018). Accordingly, where a plaintiff fails to sufficiently plead facts to support a plausible claim, the claim should be dismissed under Rule 12(b)(6).

### 2. *Mandatory Exhaustion of Administrative Remedies Prior to Bringing a Claim Under Chapter 21 of the Texas Labor Code.*

Chapter 21 of the Texas Labor Code, also known as the Texas Commission on Human Rights Act ("TCHRA"), requires a complainant to first exhaust her administrative remedies before filing a civil action. *In re Bailey-Newell*, No. 01-13-00783-CV, 2014 Tex. App. LEXIS 6663, at *7 (Tex. App.—Dallas June 19, 2014); *see also Lueck v. State*, 325 S.W.3d 752, 762 (Tex. App.—Austin 2010) ("[A] TCHRA action requires an exhaustion of administrative remedies that begins by filing a complaint with the Texas Workforce Commission civil rights division."); *Powell*, 2018 U.S. Dist. LEXIS 75153, at *10 ("Before an individual can pursue a claim under the TCHRA, she must exhaust her administrative remedies by filing 'an administrative complaint with the civil rights division of the Texas Workforce Commission.'"). Under the TCHRA, a complaint of employment discrimination must be filed with the Texas Workforce Commission ("TWC") no later than the 180th day after the date the alleged unlawful employment practice occurred. *See* Tex. Lab. Code § 21.202(a). This 180—day limitations period is **mandatory** and begins when the employee is informed of the allegedly unlawful decision. *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 554 (5th Cir. 2020) (emphasis added). When an employee fails to exhaust her administrative remedies with respect to a claim under the TCHRA, dismissal is appropriate. *Ashcroft v. HEPC-*

*Anatole, Inc.*, 244 S.W.3d 649, 650-51 (Tex. App.—Dallas 2008, no pet.). The TWC shall dismiss an untimely complaint. *See* Tex. Lab. Code § 21.202(b).

This statute of limitations is not to be confused with that of sexual harassment claims. *See* Tex. Lab. Code § 21.202(a-1). Specifically, the TCHRA extends the 180-statute of limitations to 300 days for complaints involving sexual harassment, with the limitations period starting on the date the alleged sexual harassment occurred. *Id.*

**B.     Analysis of Plaintiff's Petition.**

As set forth below, Plaintiff's Petition fails to plausibly state a claim that is legally sufficient to survive Kenco's Motion to Dismiss under Rule 12(b)(6).

***1. Plaintiff's Claims Under Chapter 21 of the Texas Labor Code are Time Barred, And Therefore, Plaintiff's Claims Must be Dismissed.***

In *Ashcroft v. HEPC-Anatole, Inc*., 244 S.W.3d 649, 650 (Tex. App.—Dallas 2008), the plaintiff filed her TWC charge beyond the 180-day deadline under the Texas Labor Code. She argued that the dual filing of her claim with the EEOC and TWC, though outside the 180-day limitations period under § 21.202 of the Texas Labor Code, should result in her claims being effectively and timely filed with both agencies. *Id.* She cited no authority, however, supporting such proposition. *Id.* at 651. Accordingly, the trial court held that the plaintiff's failure to file her claims under the Texas Labor Code within 180 days amounted to a failure to exhaust her administrative remedies and dismissed her claims under the Texas Labor Code. *Id.* The appellate court affirmed. *Id., see also Univ. of Tex. Sw. Med. Ctr. v. Saunders*, No. 05-15-01543-CV, 2016 Tex. App. LEXIS 7483, at *14 (Tex. App.—Dallas July 13, 2016) ("In order to comply with the mandatory exhaustion of administrative remedies requirement under chapter 21, a plaintiff must file a complaint with the TWC within 180 days of the alleged discriminatory practice, permit the

TWC to dismiss the complaint or resolve it within 180 days prior to filing suit, and file her claim no later than two years after the complaint was filed.").

Here, according to Paragraph 8 of Plaintiff's Petition, Plaintiff was allegedly wrongfully terminated from Kenco on October 23, 2020, which is the latest date that any alleged unlawful employment practice could have occurred. Plaintiff acknowledges herself in her TWC Charge that the latest date the alleged retaliation took place was October 23, 2020.[2] 180 days after October 23, 2020 was April 21, 2021, which constitutes the last possible day in which Plaintiff could have timely filed her TWC Charge. Instead, she filed her TWC Charge on August 13, 2021, which is 294 days after her alleged wrongful termination and 114 days after the 180-day deadline.[3] At no point has Plaintiff alleged sexual harassment, and therefore, the extended limitations periods related to such claims is wholly inapplicable here. Therefore, Plaintiff's TWC Charge is unequivocally and unmistakably untimely.

Because Plaintiff failed to timely file her TWC Charge, she has failed to exhaust her administrative remedies, and accordingly, the claims asserted in her Petition should be dismissed with prejudice. *See Hinkley v. Envoy Air, Inc.,* 968 F.3d 544, 554-55 (5th Cir. 2020) (affirming district court's dismissal with prejudice for plaintiff's failure to exhaust administrative remedies); *Bergman v. City House*, No. 4:20-CV-920-SDJ, 2021 U.S. Dist. LEXIS 126867, at *3-4 (E.D. Tex. Feb. 2, 2021) (citing *Hinkley* and granting 12(b)(6) motion to dismiss claims asserted under Chapter 21 based on the plaintiff's failure to exhaust administrative remedies); *Eustice v. Baker Hughes*, No. 4:19-cv-04813, 2021 U.S. Dist. LEXIS 2493 (S.D. Tex. Jan. 7, 2021) (adopting magistrate judge's recommendation of dismissal of Chapter 21 claims with prejudice based on the plaintiff's failure to timely file his administrative claim).

---

[2] *See* Exhibit A, Plaintiff's TWC Charge.
[3] *See* Exhibit A.

### 2. *Plaintiff's Petition Fails to State a Claim under Chapter 21 of the Texas Labor Code Related to Retaliation and Must be Dismissed.*

To establish a *prima facie* case of retaliation, an employee must show: (1) she engaged in an activity protected by the TCHRA, (2) she experienced a material adverse employment action, and (3) a causal link exists between the protected activity and the adverse action. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 782 (Tex. 2018). Moreover, an employee engages in a protected activity when she "opposes a discriminatory practice, makes or files a charge, files a complaint, or testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 137 (Tex. 2015); *citing* Tex. Lab. Code § 21.055. So, even if, *arguendo,* Plaintiff did allege that she engaged in some protected activity, she would have to more specifically show that the protected activity involves the opposition of some discriminatory or retaliatory practice.

Plaintiff's Petition consists of three short paragraphs of factual background. Importantly, there are no allegations whatsoever in the Petition (or her Charge, for that matter)[4] that identify or even relate to any protected activity, any opposition to a discriminatory or retaliatory practice by Kenco, or that a causal link exists between any such protected activity and her alleged wrongful termination. Not only does the Petition fail to show an entitlement to relief that is more than mere speculation, but it wholly lacks facts sufficient enough for the court to infer the existence of a protected activity or the possibility of misconduct by Kenco. Because Plaintiff did not bring the necessary and relevant allegations for her retaliation claim, she has failed to state a claim for which relief can be granted. As such, her claims should be dismissed under Rule 12(b)(6).

---

[4] *See* Exhibit A.

## IV.   CONCLUSION

In addition to her failure to timely exhaust administrative remedies, Plaintiff's Petition is completely devoid of any factual allegations related to retaliation, because there are none to plead. As such, Plaintiff has failed to state a plausible claim for which relief can be granted, and thus the claims within her Petition must be dismissed pursuant to Rule 12(b)(6).  *See Powell*, 2018 U.S. Dist. LEXIS 75153, at *8-9; *Iqbal*, 556 U.S. at 678; *Bell Atl.*, 550 U.S. at 555, 557.  For these reasons, Kenco requests that this Motion be granted, that the Court dismiss all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that Kenco be awarded such other and further relief to which it may be entitled.

Respectfully submitted,

By: */s/ Danielle Alexis Matthews*
Danielle Alexis Matthews
Texas Bar No. 24027915
danielle.alexis.matthews@jacksonlewis.com
Raha Assadi
Texas Bar No. 24105444
raha.assadi@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
Phone: (214) 520-2400
Fax: (214) 520-2008

ATTORNEYS FOR DEFENDANT KENCO LOGISTICS SERVICES, L.L.C.

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document has been served by filing with the ECF filing system on November 1, 2021, which will cause service to be made upon the following:

Dan S. Boyd  
BOYD & STAPLETON  
PO Box 803596  
Dallas, TX 75380-3596  
dan@boydstap.com

ATTORNEY FOR PLAINTIFF  
KATRINA BALDWIN

                                                By: */s/ Danielle Alexis Matthews*  
                                                Danielle Alexis Matthews

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s): |
|---|---|---|

**TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MS. KATRINA M BALDWIN | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **KENCO LOGISTICS / AMERICAN STANDARD** | **Unknown** | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **10-23-2020**   Latest: **10-23-2020**
[ ] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

**I. PERSONAL HARM:**
**On October 23, 2020, I was wrongfully terminated from the HR Generalist position by** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

**II. RESPONDENTS REASON FOR ADVERSE ACTION:**
I was told that I was being terminated for job performance issues.

**III. DISCRIMINATION STATEMENT:**
I believe that I was retaliated against in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended after reporting the misconduct of other employees numerous times.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally signed by Katrina M Baldwin on 08-13-2021 08:14 PM EDT** | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.    FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

**2.    AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.    PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.    ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.    WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.