IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KATRINA BALDWIN, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-02631-D |
| | § | |
| KENCO LOGISTICS SERVICES, L.L.C., | § | |
| | § | |
| Defendant | § | |

RESPONSE TO MOTION TO DISMISS

TO THE HONORABLE SIDNEY FITZWATER, JUDGE OF SAID COURT:

1. The Defendant Kenco Logistics Services, L.L.C. (hereinafter "Kenco") filed a motion to dismiss (Doc. 6) based primarily on the contention that the pleadings of plaintiff were untimely. Today, the Plaintiff has filed a Motion to Amend the Complaint. The proposed amended complaint has, attached to it as Exhibit "A" the Baldwin Declaration that explains that but for flagrant and dishonorable misrepresentations of Kenco, Baldwin would have filed the case one year earlier. The Complaint invokes the doctrine of equitable tolling.

2. Authorities for the doctrine of equitable tolling include *Abbott v. Rankin,* 2008, Tex. – App. LEXIS 9166 (Tex. App. – 8th Dist. 2016 (pet. den.)) which stated: "Employment discrimination claims are subject to equitable tolling when an employee can show that despite diligent efforts on his or her part, the employee was unable to obtain

1

information necessary to determine the existence of his or her claim." Here, the Baldwin Declaration shows not only such diligence but that the reason for the delay was due to the misconduct of the Defendant. Thus, based on the *Abbott* case, it follows *a fortiori* that Baldwin is entitled to invoke equitable estoppel. Moreover, *Zamora v. Tarrant County Hospital Dist.*, 510 S.W. 3d 584 (Tex. App. – 8th Dist. 2016 (pet. den.)) held that equitable tolling was available under the Labor Code. Essentially, the public policy behind equitable tolling is that a statute of limitations should not defeat a plaintiff's case where due diligence has been shown or, more compellingly, where the delay was due, as here, by gross misrepresentations of the Defendant. As these cases show, statutes of limitations claims are to be strictly construed against the defendant and are disfavored by the courts.

3. Additionally, assuming the granting of the Motion for Leave to Amend is granted, the Motion to Dismiss should be denied for the additional reason that it is directed to a pleading that has been superseded and is not the controlling complaint. The motion to dismiss would, therefore, be moot.

                                            Respectfully submitted,

                                            By/s/Dan S. Boyd
                                            Dan S. Boyd
                                            State Bar No. 02765500
                                            BOYD & STAPLETON
                                            P.O. Box 803596
                                            Dallas, Texas 75380
                                            dan@boydstap.com
                                            Tel.    (214)478-0152
                                            Fax:   (214)481-1878
                                            Web   www.boydstap.com

CERTIFICATE OF SERVICE

I hereby certify that this Response to Motion to Dismiss has been served through the Court's electronic filing system on this 22nd day of November, 2021.

/s/Dan S. Boyd
Dan S. Boyd