**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| KATRINA BALDWIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-02631-D |
| | § | |
| KENCO LOGISTIC SERVICES, L.L.C., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS**
**AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Kenco Logistic Services, L.L.C. ("Defendant" or "Kenco") files this Reply in Support of its Motion to Dismiss and Brief in Support, and shows the Court as follows:

## I.      SUMMARY OF RESPONSE

In her Response to Kenco's Motion to Dismiss ("Response"), Plaintiff argues her claims survive through the doctrine of equitable tolling.  However, not only has Plaintiff failed to prove how the doctrine applies here, but moreover, the Fifth Circuit has held that such doctrine is to be applied sparingly and only in exceptional cases.  For these reasons, which are further described below, the Court should grant Kenco's Motion to Dismiss under Rule 12(b)(6).

## II.     REPLY IN SUPPORT OF MOTION TO DISMISS

Plaintiff cites to the doctrine of equitable tolling in support of her argument that her claims should not be dismissed. However, first, the cases cited by Plaintiff do nothing more than explain the doctrine of equitable tolling rather than demonstrating its application to the current case. Second, even if, *arguendo,* Plaintiff could show some viable argument in favor of equitable tolling,

the Fifth Circuit has repeatedly held that equitable tolling is disfavored and should be applied only in exceptional cases, which Plaintiff has not shown this one to be.

## A. Plaintiff has Failed to Identify a Basis to Warrant Equitable Tolling.

### i.    The Cases Cited By Plaintiff Are Inapposite and Irrelevant to Her Argument.

Plaintiff cites to two cases in her Response. The first, *Abbott v. Rankin*, No. 06-07-00149-CV, 2008 Tex. App. LEXIS 9166, at *12 n.3 (Tex. App.—Texarkana Dec. 10, 2008), discusses the doctrine of equitable tolling only to identify why it did not apply in the case. Specifically, it states, in no more than a single footnote, that "[e]mployment discrimination claims are subject to equitable tolling when an employee can show that, despite diligent efforts on his or her part, the employee was unable to obtain information necessary to determine the existence of his or her claim." *Id.* The footnote further explains that "[t]his tolling provision protects an employee who knows he or she has been injured, but is reasonably unaware that his or her injury was brought about by discriminatory means," and "[t]he discovery rule and fraudulent concealment can apply to toll the statute of limitations until the employee knows, or through reasonable diligence should have known, of the facts giving rise to a cause of action." *Id.* at 12-13 n.3. Ultimately, however, the court notes that the plaintiff "failed to suggest such possibilities in this case." *Id.* at 13 n.3.

Here, similarly, Plaintiff has not demonstrated any diligent efforts whatsoever to obtain information necessary to her claim, or that any information was concealed or not known to her at the time of her termination. On the contrary, Plaintiff was aware of the alleged facts supporting her claim: that she criticized the alleged misconduct of two Kenco employees, and that her employment was terminated on October 23, 2020. She did not initiate contact with the EEOC until August 13, 2021, almost a full year later. And even then, Plaintiff fails to show any steps she took to look into and preserve information related to her claim at any point during that year. Instead,

she directly states in her declaration [Dkt. 10-1] that she "took no action for approximately one year" simply due to her mistaken belief that she could not take any action. However, this did not prevent (and should not have prevented) Plaintiff from exercising reasonable diligence in confirming her belief, and in fact, it is her burden to exercise diligence in determining the existence of a claim. Instead of showing any due diligence on her part, she states that she was "advised by some of [her] non-lawyer acquaintances that [she] did have a right to complain of wrongful termination in the event of violation of state or federal employment laws."[1] [Dkt. 10-1] Simply put, she should not have waited until "acquaintances" informed her of her rights (that she should have already been aware of) to further look into her potential claim. In that regard, it cannot be said that she was "reasonably unaware" of her right to file an EEOC Charge on her belief of discrimination or retaliation, especially in light of the fact that she worked in human resources for at least three (3) years and that she received a copy of Kenco's anti-discrimination and anti-retaliation policies and was expected to be familiar with such policies as an employee and as HR Generalist. In fact, as someone who was responsible for fielding and reviewing employee complaints, including discrimination complaints, it simply cannot be said that she was "reasonably unaware" of her right to file an EEOC Charge or that any alleged statement would have concealed or misrepresented her right to do so.

The second case cited by Plaintiff is wholly inapplicable, as the parties in that case did not dispute that the plaintiff timely filed her claim within the statute of limitations period, but that she did not exercise due diligence in effecting service on her employer. *Zamora v. Tarrant Cty. Hosp.*

---

[1] In essence, Plaintiff attempts to lead us to believe that she did not know she had recourse for alleged unlawful employment practices until she was notified of this by "acquaintances." She does not identify these "acquaintances," nor does she identify the alleged "agents" of Kenco.

*Dist.*, 510 S.W.3d 584, 591 (Tex. App.—El Paso 2016). Therefore, the analysis of equitable tolling in that case is irrelevant in the context of this case.

ii.    **Plaintiff Fails to Satisfy Any One of the Bases Required for Equitable Tolling.**

The Fifth Circuit has identified three possible bases for equitable tolling in the context of a Title VII action: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights." *Hull v. Emerson Motors/Nidec*, 532 F. App'x 586, 588 (5th Cir. 2013); *see also Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). The plaintiff has the burden of providing a sufficient factual basis for tolling the filing deadline. *Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 573 (5th Cir. 2013). Here, Plaintiff's declaration states that "Agents of the Defendant informed [her] that it has a completely unfettered right to terminate [her] even if state or federal employment laws were violated."[2] [Dkt. 10-1]. Therefore, Plaintiff's argument is analyzed only under the second basis. Without more, however, this amounts to unsubstantiated hearsay which the Court cannot justifiably rely on in deciding a motion to dismiss. *See Pinnacle Label, Inc. v. Spinnaker Coating, LLC,* Civil Action No. 3:09-CV-0950-D, 2009 U.S. Dist. LEXIS 106135, at *34 n.10 (N.D. Tex. 2009) ("[I]n deciding the motion to dismiss, the court is not relying on hearsay evidence.").

In *Davis v. Brennan*, Civil Action No. 3:17-CV-1002-M-BH, 2020 U.S. Dist. LEXIS 78535, at *7 (N.D. Tex. 2020), a suit in which the plaintiff asserted equitable tolling, the court

_____

[2] Plaintiff completely fails to identify exactly who the "Agents" she refers to are, or what role(s) they had, specifically whether they were decision-makers.

held that the plaintiff "was aware of the facts supporting his claim of discrimination as of his suspension on September 26, 2009, and his removal on June 12, 2012, but he admittedly did not initiate contact with the EEO counselor until November of 2015." For that reason, the plaintiff's equitable tolling argument was unsuccessful. *Id.* Here, similarly, Plaintiff was aware of the alleged facts supporting her claim: that she criticized the alleged misconduct of two Kenco employees, and that her employment was terminated on October 23, 2020. But she did not initiate contact with the EEOC until August 13, 2021, almost a full year later.

Even if the statements in her declaration are taken as true, a single statement by unidentified "agents" of Kenco cannot reasonably constitute Kenco actively misleading Plaintiff or preventing her in some extraordinary way from asserting her rights. See *Rashidi,* 96 F.3d at 128. Moreover, such statement, even if true, did not prevent Plaintiff from exercising diligence on her own part to identify the existence of a claim or preserving her right to assert one. Failing to exercise diligence is not the same as having information actively concealed from her. Plaintiff does not even argue in her Response that there is any concealed information she needed to pursue her claim. Indeed, nothing required Plaintiff to rely on the single statement allegedly made to her, and in fact, Plaintiff had the burden and obligation of further determining the existence of her claim, if any. Plaintiff only took action after information was allegedly volunteered to her about her rights. However, Plaintiff did not follow up to discuss with the decision-marker(s), memorialize her communications in writing, or take any active steps to identify whether there was any wrongful action taken against her. Thus, Plaintiff has shown virtually no timely effort on her part to exercise or preserve her right to assert a claim. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 1726, 80 L. Ed. 2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Pacheco v. Rice*, 966 F.2d 904, 906 (5th

Cir. 1992) (requiring due diligence to warrant equitable tolling).

Also, in *Teemac v. Henderson*, 298 F.3d 452, 458 (2002), the Court held that "employees' ignorance of the law, even when stemming from illiteracy, cannot justify tolling." *See also Chandra v. Bowhead Sci. & Tech., LLC*, No. 3:16-CV-0375-B, 2018 U.S. Dist. LEXIS 39746, at *12 (N.D. Tex. 2018) (holding that "mere conclusory statements do not suffice" when the plaintiff alleged that the employer intentionally concealed the necessary filing procedures to prevent him from filing an EEO complaint); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding that illiteracy and ignorance of the law cannot justify equitable tolling). Therefore, even if the statements in her declaration are taken as true, and she was ignorant as to her legal rights or the law, such ignorance cannot excuse a lack of diligence in remedying that ignorance.

Beyond that, Plaintiff does not demonstrate any other basis for equitable tolling for the Court to consider. Without more, Fifth Circuit case law is unequivocal that it is "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights," and therefore, "[i]f an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed." [3] *Wilson v. Sec'y, Dep't of Veterans Affairs ex rel. Veterans Canteen Servs.*, 65 F.3d 402, 404 (5th Cir. 1995).

## B. Equitable Tolling is Disfavored by the Fifth Circuit, Which Has Held That Such Doctrine Should be Applied Rarely.

Fifth Circuit Case law is abundantly clear that equitable tolling is disfavored and should be applied only in exceptional circumstances, such as where purposeful misrepresentations misled a

---

[3] Even if Plaintiff satisfied her burden of proving a legitimate basis for equitable tolling, she still cannot overcome that she fails to establish a *prima facie* case of retaliation – her Complaint [Dkt. 1-1] alleges that she was wrongfully terminated on October 23, 2020, and that her wrongful termination was in retaliation for her having criticized employees who worked for Kenco's human relations department (the "Complaint"). However, this defies logic because her Complaint took place on October 28, 2020, five (5) days **after** her employment was terminated. To prove retaliation, Plaintiff must prove her protected activity causally led to her termination. Here, that cannot be possible, as she was terminated before engaging in a protected activity.

party despite the party's reasonable diligence in exercising their rights. *See e.g., Hull v. Emerson Motors/Nidec*, 532 F. App'x 586, 588 (5th Cir. 2013) ("Equitable tolling is disfavored and should be applied only in exceptional cases, such as where purposeful misrepresentations misled a party or where a party could not have vindicated its rights even by exercising diligence."); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) (explaining that equitable tolling should be used "sparingly"); *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (explaining that equitable tolling should be applied only in "rare cases"); *Phillips v. Leggett & Platt, Inc*., 658 F.3d 452, 457 (5th Cir. 2011) ("Equitable tolling . . . is a narrow exception . . . that should be applied sparingly."); *Farmer v. D & O Contractors, Inc*., 640 F. App'x 302, 305 (5th Cir. 2016) ("[E]quitable tolling is to be applied sparingly. And we have found no compelling equities to justify tolling where a plaintiff could have filed his claim properly with even a modicum of due diligence but failed to timely preserve his claim for litigation."); *Jaso v. Coca Cola Co*., 435 F. App'x 346, 357 (5th Cir. 2011) (per curiam) (unpublished) ("[A] plaintiff who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

Here, the circumstances are not so exceptional such that equitable tolling is warranted. Rather than attempting to show some effort or due diligence on her part, Plaintiff unequivocally states that she "took no action for approximately one year." Even in the event of ignorance of the law, her inaction and lack of diligence is not excused, and therefore, equitable tolling does not apply.

### III.    CONCLUSION

Plaintiff has wholly failed to show that she took any steps whatsoever to exercise diligence in further determining the existence of a claim. Instead, she relies on an alleged statement made to her by unidentified "agents" of Kenco and information volunteered to her by unidentified

"acquaintances."  This is simply insufficient in demonstrating an exceptional case such that equitable tolling is warranted.  However, even if, arguendo, Plaintiff argued that exceptional circumstances led to the delay in her action, equitable tolling is generally disfavored, especially when no diligence on the part of Plaintiff is shown.  For these reasons, Kenco requests that this Motion be granted, that the Court dismiss all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that Kenco be awarded such other and further relief to which it may be entitled.

Respectfully submitted,

By: */s/ Danielle Alexis Matthews*
Danielle Alexis Matthews
Texas Bar No. 24027915
danielle.alexis.matthews@jacksonlewis.com
Raha Assadi
Texas Bar No. 24105444
raha.assadi@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
Phone: (214) 520-2400
Fax: (214) 520-2008

**ATTORNEYS FOR DEFENDANT KENCO
LOGISTIC SERVICES, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served by filing with the ECF filing system on December 6, 2021, which will cause service to be made upon the following:

Dan S. Boyd
BOYD & STAPLETON
PO Box 803596
Dallas, TX 75380-3596
dan@boydstap.com

**ATTORNEY FOR PLAINTIFF
KATRINA BALDWIN**

By: */s/ Danielle Alexis Matthews*
Danielle Alexis Matthews