IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATRINA BALDWIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-2631-D |
| | § | |
| KENCO LOGISTICS SERVICES, | § | |
| L.L.C., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action alleging a retaliation claim, defendant Kenco Logistics Services, L.L.C. ("Kenco") moves under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff Katrina Baldwin's ("Baldwin's") state-court petition, and Baldwin moves for leave to amend.[1] The court grants Baldwin's motion for leave to amend and denies Kenco's motion without prejudice as moot.[2]

---

[1] Kenco filed its response to Baldwin's motion on December 13, 2021, so Baldwin's reply is not due until December 27, 2021. As permitted by N.D. Tex. Civ. R. 7.1(f), however, the court in its discretion is deciding Baldwin's motion prior to receipt of a reply brief. *See Solomon v. Godwin & Carlton, P.C.*, 898 F. Supp. 415, 416 n.2 (N.D. Tex. 1995) (Fitzwater, J.) (applying former Local Rule 5.1(f)).

[2] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Baldwin filed this lawsuit in Texas state court. Kenco removed the case on October 25, 2021. Baldwin filed her motion for leave to amend on November 22, 2021, before the court entered the scheduling order. Under the scheduling order, the deadline for a party to file a motion for leave to amend is January 21, 2022.

When, as here, a party files a motion for leave to amend by the court-ordered deadline, this court applies a "presumption of timeliness." *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb.7, 2002) (Fitzwater, J.) ("The court in entering its scheduling order presumptively determined that a motion filed before the deadline . . . would not be deemed dilatory."). Additionally, Baldwin filed her petition under the Texas pleading rules that applied before the case was removed. This court routinely holds that a plaintiff in such circumstances should be given an opportunity to replead under the federal pleading standards. *See, e.g., Hoffman v. L & M Arts*, 774 F.Supp.2d 826, 849 (N.D. Tex. 2011) (Fitzwater, C.J.) (granting similar relief in removed case).

Kenco contends in its response brief that Baldwin's proposed amendment should be denied because she is attempting to assert a time-barred, and thus futile, claim. But this court's almost unvarying practice when futility is raised is to address the merits of the claim in the context of a Rule 12(b)(6) or Rule 56 motion.

> The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer. Therefore, the court suggests no view regarding the merits of these claims, leaving that question to a decision in response to an appropriate motion.

*Poly-Am., Inc*, 2002 WL 206454, at *2.

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Garcia v. Zale Corp.*, 2006 WL 298156, at *1 (N.D. Tex. Feb. 1, 2006) (Fitzwater, J.) (quoting *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971)). The court concludes in its discretion that Baldwin should be permitted to amend, and it grants her motion. The clerk of court is directed to file the amended complaint, which has been docketed as ECF No. 10-1.

Because Kenco's motion to dismiss is addressed to Baldwin's now-superseded state-court petition, the court denies the motion without prejudice as moot.

**SO ORDERED**.

December 14, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE