IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATRINA BALDWIN, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-02631-D |
| | § | |
| KENCO LOGISTICS SERVICES, L.L.C., | § | |
| | § | |
| Defendant | § | |

<u>COMPLAINT</u>

TO THE HONORABLE SIDNEY FITZWATER, UNITED STATES DISTRICT JUDGE:

1. Baldwin initially filed a state court motion against the Defendant (hereinafter "Kenco.")

2. Kenco then removed this case to federal court.

I.    <u>FACTS</u>

3. Plaintiff was wrongfully terminated from Kenco on October 23, 2020. The wrongful termination was in retaliation for Plaintiff's having criticized Katie Yelling and Tyler Wood who worked for Kenco's human relations department.

4. Plaintiff was an HR generalist. She had worked at Kenco for three years with good reviews. She had been educated at Strayer College.

5. Kenco is liable for the misconduct of Katie Yelling and Tyler Wood under the doctrine of *respondeat superior*. Plaintiff received her right to sue letter in a timely manner; therefore, she has exhausted her administrative remedies.

1

## II.    CAUSES OF ACTION

6.  Plaintiff has a cause of action for retaliation.

7.  Plaintiff also suffered actionable retaliation for having complained to Kenco management about the wrongful termination.  Plaintiff was engaged in conduct protected by Title VII of the Civil Rights Act of 1964.  A causal connection exists between the reporting and the wrongful termination.

8.  Kenco has filed a motion to dismiss (Doc. 6) based largely on its contention that Plaintiff's state court petition was untimely (see p. 1 thereof).

9.  Attached hereto as Exhibit A is the Declaration Pursuant to 28 U.S.C. § 1746 of Katrina Baldwin. In it, she states that she was affirmatively misled by agents of Kenco.  The misrepresentations of Kenco are described therein.  Based on these facts, Baldwin has stated under oath that but for the intentional misrepresentations of agents of Kenco, she would have filed suit at least one year earlier.  Plaintiff affirmatively invokes the doctrine of equitable tolling.  Kenco should not be allowed to benefit from its own wrongdoing.

## III.    COMPENSATORY DAMAGES

10. Plaintiff has suffered compensatory damages of two types:  (1) back pay of $55,000 (to date); and (2) emotional distress, mental anguish and reduced ability to enjoy life.  This second category is inherently unliquidated.  However, because the misconduct of Kenco has caused major depression for Plaintiff, it is reasonably anticipated that the trier of fact will award in excess of $1,000,000.  Plaintiff requests judgment for same.

2

### IV.   EXEMPLARY DAMAGES

11. Because the conduct of Kenco and its agents was malicious and intentional, Baldwin will be entitled to an award of exemplary damages, in the maximum amount allowed by Tex. Civ. Prac. & Rem. Code § 41.008.  Plaintiff requests judgment for same.

### V.   ATTORNEYS' FEES

12. Violation of the Civil Rights Act of 1964 warrant an award of attorneys' fees.  Baldwin expects the attorneys' fees to amount to (1) $80,000 through trial; (2) an additional $50,000 in the event of an appeal to the Court of Appeals; and (3) an additional $50,000 in the event review is sought in the Supreme Court of the United States. Plaintiff requests judgment for same.

### PRAYER

Baldwin prays (1) that Plaintiff be awarded the compensatory damages requested hereinabove; (2) that Plaintiff be awarded the exemplary damages requested hereinabove; (3) that Plaintiff be awarded the attorneys' fees requested hereinabove; and (4) that Plaintiff be awarded all other damages whether general or special, at law of in equity, to which she has shown herself to be justly entitled.

Respectfully submitted,

By/s/Dan S. Boyd
Dan S. Boyd
State Bar No. 02765500
BOYD & STAPLETON
P.O. Box 803596
Dallas, Texas 75380
dan@boydstap.com
Tel.   (214)478-0152

3

Fax:   (214)481-1878
Web   www.boydstap.com

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KATRINA BALDWIN, §
§
Plaintiff §
§
v. § CIVIL ACTION NO. 3:21-CV-02631-D
§
KENCO LOGISTICS SERVICES, L.L.C., §
§
Defendant §

## DECLARATION PURSUANT TO 28 U.S.C.§ 1746

1. My name is Katrina Baldwin.

2. After I was terminated by Kenco Logistics Services, L.L.C., representatives of that entity informed me that it was futile to file a wrongful termination suit because Texas is an "employment at will state." Agents of the Defendant informed me that it has a completely unfettered right to terminate me even if state or federal employment laws were violated. Because of this misrepresentation, I took no action for approximately one year. Eventually, I was advised by some of my non-lawyer acquaintances that I did have a right to complain of wrongful termination in the event of violation of state or federal employment laws. But for these intentional misrepresentations by agents of the Defendant, I would have filed my suit at least one year earlier.

1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 15, 2021.

Katrina Baldwin