IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KATRINA BALDWIN, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §    CIVIL ACTION NO. 3:21-cv-02631-D |
| | § |
| KENCO LOGISTIC SERVICES, LLC, | § |
| | § |
| Defendant. | § |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT**

**TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II. MOTION TO DISMISS ................................................................................................. 1

III. ARGUMENT & AUTHORITIES ................................................................................... 2

    A. Legal Standards. ................................................................................................. 2

        1. Dismissal under Rule 12(b)(6). .................................................................. 2

        2. Mandatory Exhaustion of Administrative Remedies Prior to Bringing a Claim Under Title VII. ................................................................................ 3

    B. Analysis of Plaintiff's Complaint. ...................................................................... 3

        1. Plaintiff Failed to Timely Exhaust Her Administrative Remedies, and Thus, Her Title VII Claim is Time Barred. ................................................. 4

        2. Plaintiff's Amended Complaint Fails to State a Claim under Title VII, and Thus, Her Claim Must be Dismissed. .................................................. 5

            i. No Protected Activity. ................................................................... 5

            ii. No Causal Connection. .................................................................. 8

IV. CONCLUSION ............................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ............................................................................ 2, 8, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ................................................................ 2, 9

*Bergman v. City House*, No. 4:20-CV-920-SDJ, 2021 U.S. Dist. LEXIS 126867, at *3-4 (E.D. Tex. Feb. 2, 2021) ..................................................................................................................... 5

*Carter v. Target Corp.*, 541 F. App'x 413, 419 (5th Cir. 2013) ..................................................... 7

*Charles v. PosiGen of La.*, No. 15-2270, 2016 U.S. Dist. LEXIS 79738, at *14 (E.D. La. 2016). 3

*Ernst v. Methodist Hosp. Sys.*, No. 20-20321, 2021 U.S. App. LEXIS 17015, at *5 (5th Cir. 2021) ........................................................................................................................................ 3

*Grimes v. Tex. Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996) .................................................................................................................................................. 5

*Hague v. Univ. of Tex. Health Sci. Ctr.*, 560 F. App'x 328, 333 (5th Cir. 2014) ....................... 5, 9

*Hinkley v. Envoy Air, Inc.,* 968 F.3d 544, 554-55 (5th Cir. 2020) .................................................. 5

*Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 572 (5th Cir. 2013) ....................................... 3

*Moore v. United Parcel Serv. Inc.*, 150 Fed. Appx. 315, 319 (5th Cir. 2005) ............................... 7

*Powell v. Akin Gump Strauss Hauer Feld LLP,* Civil Action No. 3:17-CV-1726-K-BH, 2018 U.S. Dist. LEXIS 75153, at *13 (N.D. Tex. 2018) .......................................................... 2, 3, 9

*Santos v. Tex. Workforce Comm'n,* No. H-08-1869, 2009 U.S. Dist. LEXIS 14242, at *6 (S.D. Tex. 2009) ............................................................................................................................. 8, 9

*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) .............................................. 3

*Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 395 (5th Cir. 2008) ............................... 7

*United States ex rel. Johnson v. Kaner Med. Grp., P.A.*, No. 12-CV-757, 2014 WL 7239537, at *8 (N.D. Tex. Dec. 19, 2014) ................................................................................................... 6

*Vaughn v. Harris Cty. Hosp. Dist.*, No. 4:17-CV-2749, 2021 U.S. Dist. LEXIS 188576, at *12 (S.D. Tex. 2021) ....................................................................................................................... 6

*Walker v. Univ. of Tex. Med. Branch-Galveston*, No. 3:17-CV-00313, 2018 U.S. Dist. LEXIS 136284, at *2 (S.D. Tex. 2018) ............................................................................................... 6, 7

*Williams v. City of Richardson*, Civil Action No. 3:16-CV-2944-L-BK, 2017 U.S. Dist. LEXIS 162322, at *21 (N.D. Tex. 2017) ............................................................................................. 6, 8

**Statutes**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 2

Fed. R. Civ. P. 8(a) ......................................................................................................................... 2

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Kenco Logistic Services, LLC ("Defendant" or "Kenco") moves to dismiss Plaintiff Katrina Baldwin's ("Plaintiff") amended claims in their entirety and shows the Court as follows:

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

On September 16, 2021, Plaintiff filed her Original Petition in State Court, asserting claims under Chapter 21 of the Texas Labor Code. Following removal of the action, Kenco filed its first Rule 12(b)(6) Motion to Dismiss ("First Motion to Dismiss") on the grounds that such state law claims were time barred and she otherwise failed to state a claim upon which relief may be granted.

On November 22, 2021, Plaintiff filed a Motion for Leave to Amend her Complaint ("Motion for Leave"), attaching a proposed Amended Complaint to same. The Court ultimately granted the Motion for Leave and entered the Amended Complaint into the docket, thus rendering Kenco's First Motion to Dismiss moot.

Now, in her Amended Complaint, Plaintiff asserts a retaliation claim under Title VII of the Civil Rights Act of 1964 ("Title VII"). However, Plaintiff's claim still must fail because (1) the claim is still untimely, and (2) even if such claim were timely, Plaintiff still fails to assert sufficient factual allegations upon which relief may be granted. For these reasons, Plaintiff's Amended Complaint must be dismissed under Rule 12(b)(6).

## II. MOTION TO DISMISS

Kenco moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff's Amended Complaint is time barred and fails to state a claim upon which relief may be granted. For the reasons set forth below in detail, Plaintiff's Amended Complaint and claims therein should be dismissed in their entirety.

### III.     ARGUMENT & AUTHORITIES

**A.     Legal Standards.**

   *1. Dismissal under Rule 12(b)(6).*

Federal Rule of Civil Procedure 12(b)(6) is meant to dismiss insufficiently pleaded and legally deficient claims. *See* Fed. R. Civ. P. 12(b)(6). Dismissal of a complaint under Rule 12(b)(6) is appropriate where a plaintiff does not (1) show an entitlement to relief that is more than mere speculation, or (2) plead facts sufficient enough for the court to infer more than a mere possibility of misconduct on the part of the defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a plaintiff's claims must show that she is entitled to the relief she seeks. *See* Fed. R. Civ. P. 8(a). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Powell v. Akin Gump Strauss Hauer Feld LLP,* Civil Action No. 3:17-CV-1726-K-BH, 2018 U.S. Dist. LEXIS 75153, at *13 (N.D. Tex. 2018). Due to the heightened pleading standard of Rule 8(a), a court need not accept as true any legal conclusions contained within a complaint's allegations. *Iqbal*, 556 U.S. at 678. Thus, while Rule 8 does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

It follows then that the factual allegations must plausibly suggest the plaintiff's claim for relief. *See id.*; *Bell Atl.*, 550 U.S. at 555. For example, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions" devoid of "further factual enhancement" will not suffice to satisfy the pleading requirements in federal courts. *Bell Atl.*, 550 U.S. at 555, 557. In that regard, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). The alleged facts

must "raise a right to relief above the speculative level." *Powell*, U.S. Dist. LEXIS 75153, at *14. Accordingly, where a plaintiff fails to sufficiently plead facts to support a plausible claim, the claim should be dismissed under Rule 12(b)(6).

### 2. *Mandatory Exhaustion of Administrative Remedies Prior to Bringing a Claim Under Title VII.*

Before suing, a plaintiff must exhaust administrative remedies by filing a charge with the EEOC within 180 days of the discriminatory action. *Ernst v. Methodist Hosp. Sys.*, No. 20-20321, 2021 U.S. App. LEXIS 17015, at *5 (5th Cir. 2021). When an employment discrimination claim is brought in a deferral state (like Texas), that deadline is extended, and an aggrieved employee must file a claim with the designated state agency or the EEOC within 300 days of the alleged unlawful employment action. *Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 572 (5th Cir. 2013). A plaintiff must file a timely charge with the EEOC and then receive a notice of the right to sue. *Ernst*, 2021 U.S. App. LEXIS 17015, at *5. Title VII provides that claimants have 90 days to file a civil action after receipt of such a notice from the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). This requirement to file a lawsuit within the 90-day limitation period is strictly construed. *Id.; see also Charles v. PosiGen of La.*, No. 15-2270, 2016 U.S. Dist. LEXIS 79738, at *14 (E.D. La. 2016) (holding that plaintiff's complaint was untimely because she filed her suit 94 days after she presumably received the letter, and that the 90-day filing deadline is "strictly construed" by courts).

### B. Analysis of Plaintiff's Complaint.

As set forth below, Plaintiff's Amended Complaint is untimely and fails to plausibly state a claim that is legally sufficient to survive Kenco's Motion to Dismiss under Rule 12(b)(6).

### 1. *Plaintiff Failed to Timely Exhaust Her Administrative Remedies, and Thus, Her Title VII Claim is Time Barred.*

Here, according to Paragraph 3 of Plaintiff's Amended Complaint, Plaintiff was allegedly wrongfully terminated from Kenco on October 23, 2020, which is the latest date that any alleged unlawful employment practice could have occurred. Plaintiff acknowledges herself in her EEOC Charge ("Charge") that the latest date the alleged retaliation took place was October 23, 2020. Plaintiff timely filed the Charge, as 300 days after October 23, 2020 was August 19, 2021. Plaintiff satisfied this deadline (albeit barely) by filing the Charge six (6) days earlier, on August 13, 2021.

However, Plaintiff received her notice of right to sue four (4) days later, on August 17, 2021.[1] Therefore, Plaintiff should have filed her Title VII claim within 90 days, or by November 15, 2021 at the latest. However, it wasn't until November 22, 2021 when Plaintiff filed her Motion for Leave, raising her Title VII claim for the first time, despite having since August 17, 2021 to do so.[2] Factoring in time for Kenco to respond to the Motion for Leave, and for the Court to rule on same, Plaintiff missed the deadline to assert her Title VII claim by a long shot. It was not until December 14, 2021, a month after her deadline, when her Amended Complaint was actually entered into the docket.

Plaintiff *certainly* could have brought her Title VII claim at the time she filed her Original Petition in state court on September 16, 2021, but she did not. She also could have filed her Title VII claim immediately after the case was removed on October 25, 2021, *but again, she did not*. Finally, since this removal date, Plaintiff had 21 days to file her Title VII claim, *but again, she did not*. She never did so until November 22, 2021, and the Amended Complaint asserting the Title

---

[1] The date of issuance and the date of receipt of the notice of right to sue are presumably the same, as such notice is electronically transmitted.
[2] While Plaintiff's counsel emailed Kenco's counsel on November 15, 2021 asking if Kenco would agree to Plaintiff filing an amended pleading, no basis was or has been given for such delay in reaching out.

VII claim was not entered until December 14, 2021, a month after the deadline to do so. Absolutely nothing was preventing Plaintiff from taking action sooner, and in fact, Plaintiff should have been put on notice of *any* federal claim at the very moment the case was removed.

Therefore, because Plaintiff failed to timely file her Title VII claim, she has failed to exhaust her administrative remedies, and accordingly, the claims asserted in her Amended Complaint should be dismissed with prejudice. *See Hinkley v. Envoy Air, Inc.,* 968 F.3d 544, 554-55 (5th Cir. 2020) (affirming district court's dismissal with prejudice for plaintiff's failure to exhaust administrative remedies); *Bergman v. City House*, No. 4:20-CV-920-SDJ, 2021 U.S. Dist. LEXIS 126867, at *3-4 (E.D. Tex. Feb. 2, 2021) (citing *Hinkley* and granting 12(b)(6) motion to dismiss claims asserted under Chapter 21 based on the plaintiff's failure to exhaust administrative remedies).

### 2. *Plaintiff's Amended Complaint Fails to State a Claim under Title VII, and Thus, Her Claim Must be Dismissed.*

#### i. *No Protected Activity.*

To establish a *prima facie* case of retaliation under Title VII, Plaintiff must establish that (1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse employment action. *Hague v. Univ. of Tex. Health Sci. Ctr.*, 560 F. App'x 328, 333 (5th Cir. 2014). An employee has engaged in activity protected by Title VII if she has either (1) opposed any practice made an unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII. *Grimes v. Tex. Dep't of Mental Health & Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996).

Here, Plaintiff's Amended Complaint consists of six (6) short sentences of factual background. However, nowhere in the facts (or any other part of the pleading) does Plaintiff show conduct that rises to the level of a protected activity. Specifically, while she mentioned having "criticized Katie Yelling and Tyler Wood who worked for Kenco's human relations department" (the "Criticism"), she does not provide the nature or substance of such Criticism. Without more, neither Kenco nor the Court can decipher whether this is truly an opposition to an unlawful employment practice, as required to constitute a protected activity. An employee engages in a protected activity where she "opposes an activity she reasonably believes constitutes unlawful discrimination." *Williams v. City of Richardson*, Civil Action No. 3:16-CV-2944-L-BK, 2017 U.S. Dist. LEXIS 162322, at *21 (N.D. Tex. 2017). An informal complaint may constitute protected activity for purposes of retaliation claims. *Id.* "While the complaint need not contain magic words, it must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." *Id.* In other words, "the internal complaints cannot merely address concerns about general misconduct." *Vaughn v. Harris Cty. Hosp. Dist.*, No. 4:17-CV-2749, 2021 U.S. Dist. LEXIS 188576, at *12 (S.D. Tex. 2021); *see also United States ex rel. Johnson v. Kaner Med. Grp., P.A.*, No. 12-CV-757, 2014 WL 7239537, at *8 (N.D. Tex. Dec. 19, 2014) (holding that mere criticism by an employee of the employer's methods of conducting business, without any suggestion that the employee was attempting to expose illegality or fraud, does not rise to the level of protected activity).

For instance, in *Walker v. Univ. of Tex. Med. Branch-Galveston*, No. 3:17-CV-00313, 2018 U.S. Dist. LEXIS 136284, at *2 (S.D. Tex. 2018), the employer filed a Rule 12(b)(6) motion to dismiss the plaintiff's Title VII retaliation claim because she "has not pled facts sufficient to raise a plausible inference that she engaged in a protected activity." Specifically, the employer argued

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT AND BRIEF IN SUPPORT   PAGE 6

that the plaintiff's internal grievance does not constitute protected activity under Title VII, and as a result, her retaliation claim should be dismissed. *Id.* In its analysis of plaintiff's *prima facie* claim, the court explained that Title VII protects an employee from retaliation only for having engaged in "a protected activity," which means she has "opposed a practice that Title VII forbids or has made a charge, testified, assisted, or participated in a Title VII investigation, proceeding, or hearing." *Id.* at *4. The court further emphasized that "Title VII prohibits an employer from discriminating based on race, color, religion, sex, or national origin." *Id.* Notably, Plaintiff's amended complaint discussed a grievance letter "complaining about her supervisor creating a hostile work environment, being treated unfairly from other employees, and being singled out." *Id.* at *5. The court held that

> "as [the employer] correctly observes, [the plaintiff] does not claim that her grievance complained of mistreatment because of her race, color, or any other basis that is unlawful under Title VII. The failure to make such allegations is fatal to [the plaintiff's] retaliation claim to the extent that it is based on the grievance letter. **This is because 'complaining about unfair treatment without specifying why the treatment is unfair ... is not protected activity.'**"

*Id.* (emphasis added); *see also Moore v. United Parcel Serv. Inc.*, 150 Fed. Appx. 315, 319 (5th Cir. 2005) (holding that plaintiff "was not engaged in a protected activity, as his grievance did not oppose or protest racial discrimination or any other unlawful employment practice under Title VII"); *Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 395 (5th Cir. 2008) ("Complaining about unfair treatment without specifying why the treatment is unfair, however, is not a protected activity."); *Carter v. Target Corp.*, 541 F. App'x 413, 419 (5th Cir. 2013) (Affirming a district court's dismissal of plaintiff's Title VII retaliation under Rule 12(b)(6) because plaintiff's internal complaint "did not oppose an unlawful practice under Title VII."). Therefore, the plaintiff's

retaliation claim was dismissed under rule 12(b)(6). *Walker*, 2018 U.S. Dist. LEXIS 136284, at *9.

Here, other than her statement that she made a "Criticism," her Amended Complaint shows nothing more than an "*unadorned, the-defendant-unlawfully-harmed-me accusation*" that entirely fails to state what conduct she allegedly criticized and how such conduct is even made unlawful by Title VII. *See Iqbal*, 556 U.S. at 678. Her conclusory, naked assertion not only fails to identify a protected activity, but it altogether fails to identify what unlawful conduct she was opposing or criticizing. She does not complain about any unfair treatment on the basis of her race, color, religion, sex, or national origin. Such "Criticism" fails to alert Kenco to Plaintiff's "reasonable belief that unlawful discrimination is at issue." *Williams*, 2017 U.S. Dist. LEXIS 162322, at *21. Therefore, without more, Plaintiff's Amended Complaint stating she "criticized" other employees fails to rise to the level of protected activity required for a Title VII claim. Therefore, her claim should fail.

### ii. No Causal Connection.

In *Santos v. Tex. Workforce Comm'n,* No. H-08-1869, 2009 U.S. Dist. LEXIS 14242, at *6 (S.D. Tex. 2009), the employer moved to dismiss the plaintiff's amended complaint asserting a Title VII retaliation claim for failure to state a claim on which relief can be granted under Rule 12(b)(6). The court noted that the amended complaint "appears to allege retaliation for protected activity ('Claimed human rights, civil and industrial mine, and those of my colleagues at work'), but it is not clear whether this activity occurred before or after [the plaintiff] was fired." *Id.* The court further explained that "[the plaintiff's] amended complaint, liberally construed, does not allege that he engaged in activity protected by Title VII before he was fired from his job at EAGL." *Id.* at *7-8. The court went on to analyze the *prima facie* elements of a Title VII retaliation claim

and stated "[t]here is no causal connection when an adverse employment action occurs **before** the plaintiff engages in activity protected by Title VII." *Id.* at *9 (emphasis added). Ultimately, the court held that the plaintiff's amended complaint did not allege that he engaged in any protected activity before he was terminated or set out specific facts showing any such activity, and therefore, the motion to dismiss the retaliation claim was granted. *Id.* at *10-11.

As previously discussed, to establish a *prima facie* case of retaliation under Title VII, Plaintiff must establish a causal connection exists between the protected activity and the adverse employment action. *Hague*, 560 F. App'x at 333.

Moreover, there are no allegations whatsoever in the Amended Complaint that a causal link exists between any alleged protected activity and her alleged wrongful termination. In fact, although her Amended Complaint alleges she was wrongfully terminated for having "criticized" two human relations employees, Kenco did not receive a complaint from Plaintiff until October 28, 2020, five (5) days *after* she was terminated. In other words, she attempts to defy time by suggesting something that came after her termination was the very cause of such termination. Therefore, despite her multiple "bites at the apple," Plaintiff has failed to prove any causal connection between a protected activity and her termination of employment.

## IV.   CONCLUSION

In addition to her failure to timely exhaust administrative remedies, Plaintiff's Amended Complaint is completely devoid of the necessary factual allegations to support her Title VII claim. Based on Plaintiff's own Amended Complaint, no reasonable inference can be drawn that Title VII is even applicable, let alone that it has been violated. As such, Plaintiff has failed to state a plausible claim for which relief may be granted, and thus the claims within her Amended Complaint must be dismissed pursuant to Rule 12(b)(6). *See Powell*, 2018 U.S. Dist. LEXIS

75153, at *8-9; *Iqbal*, 556 U.S. at 678; *Bell Atl.*, 550 U.S. at 555, 557. For these reasons, Kenco requests that this Motion be granted, that the Court dismiss all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that Kenco be awarded such other and further relief to which it may be entitled.

Respectfully submitted,

By: */s/ Danielle Alexis Matthews*
    Danielle Alexis Matthews
    Texas Bar No. 24027915
    danielle.alexis.matthews@jacksonlewis.com
    Raha Assadi
    Texas Bar No. 24105444
    raha.assadi@jacksonlewis.com
    JACKSON LEWIS P.C.
    500 N. Akard Street, Suite 2500
    Dallas, Texas 75201
    Phone: (214) 520-2400
    Fax: (214) 520-2008

ATTORNEYS FOR DEFENDANT KENCO LOGISTIC SERVICES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served by filing with the ECF filing system on December 28, 2021, which will cause service to be made upon the following:

Dan S. Boyd
BOYD & STAPLETON
PO Box 803596
Dallas, Texas 75380-3596
dan@boydstap.com

ATTORNEY FOR PLAINTIFF
KATRINA BALDWIN

By: */s/ Danielle Alexis Matthews*
    Danielle Alexis Matthews