IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATRINA BALDWIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-2631-D |
| | § | |
| KENCO LOGISTICS SERVICES, L.L.C., | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Katrina Baldwin ("Baldwin") sues defendant Kenco Logistics Services, L.L.C. ("Kenco"), alleging a claim for retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Tile VII") 42 U.S.C. § 2000e *et seq.* Kenco moves under Fed. R. Civ. P. 12(b)(6) to dismiss, contending that Baldwin's amended complaint is time-barred and fails to state a claim on which relief can be granted. For the reasons that follow, the court grants the motion and also grants Baldwin leave to replead.

I

Baldwin worked for Kenco as an human relations ("HR") generalist until her employment was terminated on October 23, 2020.[1] Baldwin alleges that she was terminated in retaliation for criticizing Katie Yelling ("Yelling") and Tyler Wood ("Wood"), who

---

[1]In deciding Kenco's Rule 12(b)(6) motion to dismiss, the court construes the amended complaint in the light most favorable to Baldwin, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in her favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

worked in Kenco's HR department.

Baldwin maintains that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 13, 2021. On September 16, 2021 she filed a petition in Texas state court, alleging state-law claims under Tex. Lab. Code Ann. §§ 21.051 and 21.005, and for attorney's fees under Tex. Lab. Code Ann. § 21.2515. On October 25, 2021 Kenco removed the case to this court based on diversity of citizenship. Kenco filed a motion to dismiss on November 1, 2021, and Baldwin filed on November 22, 2021 a motion for leave to amend. The court granted the motion and denied Kenco's motion to dismiss without prejudice as moot.

Baldwin filed her amended complaint on December 14, 2021. In the amended complaint, she alleges for the first time that she was retaliated against under Title VII after criticizing Yelling and Wood.[2] Kenco moves to dismiss Baldwin's amended complaint under Rule (12)(b)(6), contending that her action is time-barred and that her amended complaint fails to state a claim on which relief can be granted. The court is deciding the motion on the briefs.

II

In deciding a Rule (12)(b)(6) motion to dismiss, the court evaluates the sufficiency of Baldwin's amended complaint by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495

---

[2]In her amended complaint, Baldwin drops her claims under Tex. Lab. Code Ann. §§ 21.051, 21.005, and 21.2515.

F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive Kenco's motion to dismiss, Baldwin must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, "the successful affirmative defense [must] appear[] clearly on the face of the pleadings." *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (quoting *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.)). In other words, Kenco is not entitled to dismissal under Rule 12(b)(6) based on an affirmative defense unless Baldwin "has pleaded [her]self out of court by admitting to all of the elements of the defense." *Id.* (quoting *Siverston*, 2011 WL 4100958, at *3).

III

Kenco contends that this lawsuit must be dismissed because, *inter alia*, Baldwin's amended complaint is time-barred. Baldwin does not substantively respond to this argument.[3]

"It is well settled that courts may not entertain claims brought under Title VII as to which an aggrieved party has not first exhausted [her] administrative remedies by filing a charge of discrimination with the EEOC." *Kretchmer v. Eveden, Inc.*, 2009 WL 854719, at *3 (N.D. Tex Mar. 31, 2009) (Fitzwater, C.J.) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) ("Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue."), *aff'd*, 374 Fed. Appx. 493 (5th Cir. 2010). In deferral states such as Texas, an aggrieved party must file a charge of discrimination with the EEOC within 300 days after the alleged unlawful practice occurred. *See* 42 U.S.C. § 2000e-5(e)(1). If the EEOC dismisses this charge, it must "notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(e)(1). A plaintiff has 90 days from the date she receives this notice from the

---

[3]In the amended complaint, Baldwin "affirmatively invokes the doctrine of equitable tolling," maintaining that "but for the intentional misrepresentations of agents of Kenco she would have filed suit at least one year earlier." Am. Compl. ¶ 9. In her response to Kenco's motion to dismiss, Baldwin contends that the EEOC charge of discrimination "defeats the claim of failure to exhaust administrative remedies." P. Resp. 3, ¶ 8. Neither assertion adequately addresses Kenco's contention that the amended complaint is time-barred.

EEOC, i.e., a right to sue letter, to file a lawsuit. *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009) (per curiam) ("A plaintiff alleging employment discrimination must file a civil action no more than ninety days after she receives statutory notice of her right to sue from the EEOC."). The requirement that a plaintiff file a lawsuit within this 90-day period is "strictly construed." *Taylor*, 296 F.3d at 379. "Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Taylor*, 296 F.3d at 379 (citation omitted).

Because this court treats exhaustion of administrative remedies in a Title VII case as an affirmative defense, *see Clemmer v. Irving Independent School District,* 2015 WL 1757358, at *3 (N.D. Tex. Apr. 17, 2015) (Fitzwater, J.), *aff'd on other grounds*, 689 Fed. Appx. 379 (5th Cir. 2017) (per curiam), Kenco is not entitled to dismissal of Baldwin's Title VII claim on this basis unless it appears from the face of the amended complaint that she has failed to exhaust her administrative remedies. *Id.* Baldwin attaches a copy of the EEOC charge, dated August 13, 2021, as an exhibit to her response to the motion to dismiss. The amended complaint does not plead the date that Baldwin received the right to sue letter; it only alleges that she received the letter in a timely manner.[4] Accordingly, the court is unable to determine from the face of Baldwin's amended complaint that her Title VII claim is time-

---

[4]Although the court can "consider matters of which it may take judicial notice," *Hall v. Hodgkins*, 305 Fed. Appx. 224, 227 (5th Cir. 2008) (per curiam) (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)), Kenco and Baldwin have both failed to attach the right to sue letter to the pleadings. The court is therefore unable to determine on this basis whether Baldwin's Title VII claim is time-barred.

- 5 -

barred.[5]

IV

Kenco also maintains that Baldwin's retaliation claim must be dismissed on the basis that her amended complaint fails to sufficiently plead that she engaged in a protected activity that caused an adverse employment action. Baldwin does not substantively respond to this argument.[6]

Baldwin has failed to plausibly plead a Title VII-based retaliation claim. To plead such a claim, Baldwin must allege sufficient facts for the court to draw the inference that "(1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action." *Richards v. JPK Prop. Holdings*, 405 Fed. Appx. 829, 831 (5th Cir. 2010) (per curiam). Although Baldwin is not required to plead a prima facie case of retaliation, she must "plead sufficient facts on all of the ultimate elements" of a retaliation claim to make her case plausible. *Jenkins v. LA. Workforce Comm'n*, 713 Fed. Appx. 242, 244 (5th Cir. 2017) (per curiam) (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)); *see also Teaque v. Williamson Cnty.*, 2020 WL 2542869, at *11 (W.D. Tex. May 19, 2020).

---

[5]The court need not decide whether Baldwin's amended complaint relates back to her state-court original petition because she has failed to raise a relation-back argument in response to Kenco's motion to dismiss.

[6]In her response, Baldwin states that "the causal connection is stated in paragraphs 3 and 7" of the amended complaint and that "it is reasonable to infer that the [c]omplaint complains of 'protected activity.'" P. Resp. ¶¶ 9-10.

Kenco maintains that Baldwin's criticism of other HR employees was not a protected activity.[7] Baldwin responds that she was "engaged in conduct protected by Title VII of the Civil Rights Act of 1964" when she criticized two members of the HR department. The court disagrees with Baldwin's position.

The Fifth Circuit has "consistently held that a vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity." *Davis v. Dall. Indep. Sch. Dist.*, 448 Fed. Appx. 485, 493 (5th Cir. 2011) (per curiam) (citing *Tratree v. BP N. Am. Pipelines, Inc.*, 277 Fed. Appx. 390, 395 (5th Cir. 2008) (per curiam) ("Complaining about unfair treatment without specifying why the treatment is unfair ... is not protected activity.")); *Harris-Childs v. Medco Health Solutions, Inc.*, 169 Fed. Appx. 913, 916 (5th Cir. 2006) (per curiam) (affirming summary judgment on retaliation claim where plaintiff never "specifically complained of racial or sexual harassment, only harassment"); *Moore v. United Parcel Serv., Inc.*, 150 Fed. Appx. 315, 319 (5th Cir. 2005) (per curiam) ("[Plaintiff] ... was not engaged in a protected activity, as his grievance did not oppose or protest racial discrimination or any other unlawful employment practice under Title VII.");

---

[7]Protected activities under Title VII "include (1) opposing any practice deemed an unlawful employment practice (the 'opposition clause') or (2) making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII (the 'participation clause')." *Johnson v. BAE Sys. Land & Armamaments, L.P.*, 2014 WL 1714487, at *14 (N.D. Tex. Apr. 30, 2014) (Fitzwater, C.J.) (quoting *Armstrong v. K & B La. Corp.*, 488 Fed. Appx. 779, 781 (5th Cir. 2012) (per curiam) (internal quotation marks omitted)). "The underlying practice need not actually be illegal, but the employee must at least reasonably believe that it is." *Arrieta v. Yellow Transp., Inc.*, 2008 WL 5220569, at *16 (N.D. Tex. Dec. 12, 2008) (Fitzwater, C.J.) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)).

*Evans v. Tex. Dep't of Transp.*, 547 F.Supp.2d 626, 654 (E.D. Tex. Oct. 2, 2007) (holding that plaintiff did not show that she engaged in statutorily protected activity where, although she complained of purportedly hostile work environment, she at no time suggested that the conduct was related to her race, sex, or other characteristic protected by Title VII)). "Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." *Zimmerman v. Gruma Corp.*, 2013 WL 3154118, at *16 (N.D. Tex. June 21, 2013) (Lindsay, J.) (quoting *Brown v. United Parcel Serv., Inc.*, 406 Fed. Appx. 837, 840 (5th Cir. 2010) (per curiam)). The court cannot reasonably infer from Baldwin's statement that, in criticizing members of the HR department, she was engaged in protected activity under Title VII. The court therefore holds that Baldwin has failed to state a plausible claim for retaliation under Title VII.[6] The court therefore grants Kenco's motion to dismiss Baldwin's Title VII-based retaliation claim based on the failure to state a claim on which relief can be granted.

V

Although the court is granting Kenco's motion to dismiss, it will permit Baldwin to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are

---

[6]The court declines to reach the question whether a causal link exists between the alleged protected activity and the adverse employment action because Baldwin has failed to plausibly plead that she was engaged in a protected activity.

incurable or plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).  Baldwin must file her second amended complaint within 28 days of the date this memorandum opinion and order is filed.

\* \* \*

For the reasons stated, the court grants Kenco's motion to dismiss and also grants Baldwin leave to amend.

**SO ORDERED**.

March 7, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE