IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATRINA BALDWIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-02631-D |
| | § | |
| KENCO LOGISTIC SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S RENEWED MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND BRIEF IN SUPPORT, AND REQUEST FOR ATTORNEYS' FEES

Pursuant to FED. R. CIV. P. 12(b)(6) and the Court's Memorandum Opinion and Order ("Order"), Defendant Kenco Logistic Services, LLC ("Defendant" or "Kenco") files this Renewed Motion to Dismiss Plaintiff Katrina Baldwin's ("Plaintiff") Amended Complaint and Brief in Support, and Request for Attorneys' Fees in its entirety and shows the Court as follows:

### I.   SUMMARY OF ARGUMENT

As the Court previously held in its Order dated March 7, 2022, Plaintiff has thus far failed to state a plausible claim for retaliation under Title VII.  Despite being given the opportunity to amend her pleading for the second time, Plaintiff simply did not do so.  Therefore, although Plaintiff had no less than ***three (3) different chances to adequately plead her "best case,"*** Plaintiff has failed to do so.  As such, Plaintiff's Amended Complaint should be dismissed, in its entirety, with prejudice. Additionally, the Court should award Kenco its reasonable attorneys' fees.

### II.   KEY PROCEDURAL HISTORY

On September 16, 2021, Plaintiff filed her Original Petition in State Court, asserting claims under Chapter 21 of the Texas Labor Code.  Following removal of the action, Kenco filed its first Rule 12(b)(6) Motion to Dismiss ("First Motion to Dismiss") on the grounds that such state law

claims were time-barred, and Plaintiff otherwise failed to state a claim upon which relief may be granted.

On November 22, 2021, Plaintiff filed a Motion for Leave to Amend her Complaint ("Motion for Leave"), attaching a proposed Amended Complaint to same. On December 14, 2021, the Court ultimately granted the Motion for Leave and entered the Amended Complaint into the docket, thus rendering Kenco's First Motion to Dismiss moot. The only material differences between Plaintiff's Original Complaint and her Amended Complaint are that the latter (1) asserts a retaliation claim under federal law rather than state law, and (2) attaches an uncompelling declaration attempting to justify why her claim is untimely. That is, Plaintiff wholly failed to plead any additional factual allegations to support her retaliation claim and/or to state a plausible claim for relief.

Therefore, on December 28, 2021, Kenco filed its Motion to Dismiss Plaintiff's Amended Complaint ("Second Motion to Dismiss") on the same grounds as before – that Plaintiff's claims were time-barred, and she otherwise still failed to assert sufficient factual allegations upon which relief may be granted. In other words, Plaintiff's Amended Complaint did virtually nothing to aid in stating a plausible claim for relief on its face. Appropriately, on March 7, 2022, the Court entered its Order granting Kenco's Second Motion to Dismiss and disagreeing with Plaintiff's contention that she was engaged in conduct protected by Title VII when she criticized two members of the HR department. [Doc. 23]. The court wrote in its Order that "[Plaintiff] has failed to state a plausible claim for retaliation under Title VII. The court, therefore, grants Kenco's motion to dismiss [Plaintiff's] Title VII-based retaliation claim based on the failure to state a claim on which relief can be granted." [Doc. 23].

The Court, however, in its Order, afforded Plaintiff yet another opportunity to amend her Amended Complaint: "Although the court is granting Kenco's motion to dismiss, it will permit [Plaintiff] to replead… [Plaintiff] must file her second amended complaint within 28 days of the date this memorandum opinion and order is filed." [Doc. 23].  Twenty-eight (28) days from the date of the Order was April 4, 2022.  As of the date of this filing, Plaintiff has failed to file an amended pleading by this deadline.  As such, for the reasons explained in detail below, the most appropriate course of action would be to dismiss this matter, with prejudice.

### III.    RENEWED MOTION TO DISMISS[1]

**A. Plaintiff's Amended Complaint Should be Dismissed, With Prejudice.**

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint before dismissing the action with prejudice. *Smith v. City of Dall.*, No. 3:18-cv-01684-K (BT), 2019 U.S. Dist. LEXIS 133481, at *8-9 (N.D. Tex. 2019); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  Dismissal with prejudice is appropriate where a complaint's defect is incurable, or the plaintiff has failed to sufficiently plead a claim after being afforded repeated opportunities to do so. *Smith*, 2019 U.S. Dist. LEXIS 133481, at *8-9; *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).  For instance, in *Smith*, 2019 U.S. Dist. LEXIS 133481, at *8-9, the plaintiff had an opportunity to amend his Original Complaint twice – once upon receiving the first motion to dismiss, and then again when the District Court granted the plaintiff leave to amend his complaint after dismissing his Original Complaint without prejudice.  The court, however, found that the Amended Complaint contained many of the same deficiencies and bases for dismissal as the Original Complaint.  *Id.* at *9.  The court concluded that it appeared unlikely that the plaintiff

---

[1] Kenco hereby incorporates by reference, adopts, and renews the statements and arguments in its previously filed Motions to Dismiss and Replies in support of same [Docs. 6, 15, 20, and 22].

could amend his complaint again to state a viable claim for relief. *Id.* As a result, the court dismissed the plaintiff's Amended Complaint with prejudice. *Id.; see also Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (emphasis added) ("Although a court may dismiss the claim, it should not do so without granting leave to amend, ***unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so***."); *Omoyosi v. Tex. HHS Comm'n*, Civil Action No. 4:20-cv-03315, 2021 U.S. Dist. LEXIS 122972, at *11 (S.D. Tex. 2021) (dismissing Plaintiff's Title VII claim because plaintiff still failed to plead enough facts to state a claim for relief that was plausible on its face that would allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged); *Allen v. Dovenmuehle Mortg.*, Inc., Civil Action No. 3:13-CV-4710-L, 2014 U.S. Dist. LEXIS 98475, at *35-36 (N.D. Tex. 2014) (granting renewed motion to dismiss for failure to state any claims upon which relief can be granted).

Here, the facts are almost identical to those in the *Smith* case: Plaintiff was given the opportunity to amend her Original Complaint after Kenco's First Motion to Dismiss and ***again*** after Kenco's Second Motion to Dismiss. However, unlike in the *Smith* case, Plaintiff in the instant case did not even bother to file a Second Amended Complaint (likely because she has no additional or different allegations to plead and has pleaded her best case). Without a Second Amended Complaint, the Court's holding that Plaintiff has failed to state a plausible claim for retaliation under Title VII remains true. In other words, because of Plaintiff's lack of any new factual allegations, she still has failed to state a plausible claim for relief.

In *Allen*, 2014 U.S. Dist. LEXIS 98475, at *34-35, for instance, the defendant filed a renewed motion to dismiss, which the court granted. In its analysis, the court explained that the plaintiffs amended their pleadings three times, did not request to further amend, and their most

recent pleading did not cure the deficiencies noted in the prior motion to dismiss. *Id.*  Except for the addition of more legal arguments that were responsive to the renewed motion to dismiss, the latest amended complaint was identical to the prior one. *Id.*  The court thus concluded that the plaintiffs pleaded their "best case" and did not allow another opportunity to further amend their pleadings because doing so would "unnecessarily delay resolution of [the] action."  Granting leave to amend is not required if a plaintiff has already pleaded her "best case." *Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 626 (5th Cir. 2017).  A plaintiff has pleaded her best case after she is apprised of the insufficiency of her complaint. *Id.*  A plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court. *Id.; see also Brewster v. Dretke,* 587 F.3d 764, 768 (5th Cir. 2009) (holding that plaintiff gave no indication that he did not plead his "best case" in his complaint and did not state any material facts he would have included in an amended complaint, thus warranting dismissal).

Here, ***Plaintiff has had at least three (3) chances to plead her "best case"*** – once when she initially filed the state court pleading on September 16, 2021; another when she was granted leave by this Court to amend her pleading on December 14, 2021; and again on March 7, 2022 when the Court granted Plaintiff yet another opportunity to replead.  At this point, the Court should reach no other conclusion but that Plaintiff has pleaded her "best case," and any further allowance of amendment would (1) not likely raise any new material allegations to cure the deficiencies of her prior pleading, and (2) unnecessarily delay resolution of the action.  *See Allen*, 2014 U.S. Dist. LEXIS 98475, at *34-35.  Therefore, as a matter of course, the Court should dismiss Plaintiff's claims and lawsuit, with prejudice.

**B. Kenco Should Be Awarded Its Reasonable Attorneys' Fees.**

The statutory language of Title VII provides, in relevant part:

> "In any action or proceeding under this title [42 USCS §§ 2000e et seq.] the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."

42 U.S.C.S. § 2000e-5. Under Title VII, courts have discretion to award attorney's fees to a prevailing party. *Frierson v. City of Terrell*, Civil Action No. 3:02-CV-2340-H, 2005 U.S. Dist. LEXIS 15662, at *7-8 (N.D. Tex. 2005). However, a prevailing defendant in a Title VII action may only recover attorney's fees where the court finds that the "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Frierson v. City of Terrell*, Civil Action No. 3:02-CV-2340-H, 2005 U.S. Dist. LEXIS 15662, at *8 (N.D. Tex. 2005); *EEOC v. Tarrant Distribs., Inc.*, 750 F.2d 1249, 1251 (5th Cir. 1984) ("[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.").

Here, it is clear that after Plaintiff's Amended Complaint was entered into the record, and there were no material changes to factual allegations needed to support a plausible claim for relief, Plaintiff had pleaded her "best case" at that point. Had Plaintiff actually engaged in activity protected by Title VII, and had that activity been causally connected to her termination, she presumably would have pleaded the necessary allegations to show as much by then. Because she did not, and still has not, her Title VII retaliation is groundless. Thus, Kenco is entitled to its reasonable attorneys' fees, in an amount to be later determined by the court, for having to move for dismissal twice on Plaintiff's groundless claim.

## IV.   CONCLUSION

The Court unequivocally granted Kenco's Motion to Dismiss Plaintiff's Amended Complaint, stating, *inter alia*, that "[Plaintiff] has failed to plausibly plead a Title VII-based retaliation claim," and that she was not engaged in conduct protected by Title VII when she criticized two members of the HR Department. [Doc. 23].  Despite that the Order granted Plaintiff until April 4, 2022 to again amend her pleading, she did not do so.  As such, Plaintiff's latest pleading, her Amended Complaint, is completely devoid of the necessary factual allegations to support her Title VII claim.  No reasonable inference can be drawn that Title VII is even applicable, let alone that it has been violated.  For these reasons, Kenco requests that this Renewed Motion to Dismiss is granted; that the Court's Order dated March 7, 2022 is enforced; that Plaintiff's claims are dismissed, in their entirety, with prejudice; and that Kenco is awarded its reasonable attorneys' fees in an amount to be later determined by the Court.  Kenco further requests that it is awarded such other and further relief to which it may be justly entitled.

Respectfully submitted,

By: */s/ Danielle Alexis Matthews*
Danielle Alexis Matthews
Texas Bar No. 24027915
danielle.alexis.matthews@jacksonlewis.com
Raha Assadi
Texas Bar No. 24105444
raha.assadi@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard Street, Suite 2500
Dallas, Texas 75201
Phone: (214) 520-2400
Fax: (214) 520-2008

ATTORNEYS FOR DEFENDANT KENCO LOGISTIC SERVICES, LLC

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing document has been served by filing with the ECF filing system on April 8, 2021, which will cause service to be made upon the following:

Dan S. Boyd
BOYD & STAPLETON
PO Box 803596
Dallas, Texas 75380-3596
dan@boydstap.com

ATTORNEY FOR PLAINTIFF
KATRINA BALDWIN

              By: */s/ Danielle Alexis Matthews*
                Danielle Alexis Matthews