IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATRINA BALDWIN, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:21-CV-02631-D |
| | § | |
| KENCO LOGISTICS SERVICES, L.L.C., | § | |
| | § | |
| Defendant | § | |

TO THE HONORABLE SIDNEY A FITZWATER, UNITED STATES DISTRICT JUDGE:

### RESPONSE OF PLAINTIFF TO THE MOST RECENT MOTION TO DISMISS FILED BY DEFENDANT

1. In this removed case, on April 18, 2022, Defendant Kenco Logistics Services, L.L.C. (hereinafter "Kenco") filed yet another motion (the "Motion") to dismiss for alleged failure to state a claim (No. 24) – and additionally seeks an award of attorneys' fees against Plaintiff Baldwin.

2. The Motion should be denied.

3. Defendant's motion is essentially a motion for judgment on the pleadings.

4. Fed. R. Civ. P. 8 requires a plaintiff merely to plead (a) a short and plain statement of the grounds for the Court's jurisdiction; … (b) a short and plain statement of the claims stating that the pleader is entitled to relief; and (c) a demand for the relief sought.

1

5. Like most motions to dismiss, Kenco cites *Ashcroft v. Iqbel,* 556 U.S. 602, 679 (2009) and *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007). Kenco overestimates the pleading requirements of those cases. Moreover, those cases have been criticized; for instance, the leading federal procedural expert in the United States (Arthur R. Miller – Charles Alan Wright having died two decades ago) criticized district courts for using these two cases to deprive plaintiffs of their day in court. In "From Conley to Twombley to Iqbal: A Double Play on the Federal Rules of Civil Procedure" *Duke L. J.* (60) (2010): 1, 10.

6. Plaintiff's complaint clearly satisfies the standards set forth in *Ashcroft v. Iqbel, supra,* which merely states that "The standard that Rule 8 announces does not require detailed factual allegations, but it demands more than are unadorned the – defendant unlawfully harmed me accusation…to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." This is a low threshold that plaintiff's controlling complaint clearly satisfies.

7. Moreover, in this circuit motions for judgment on the pleadings are disfavored. *Sosa v. Coleman*, 646 F. 2d 991, 993 (5th Cir. 1981); additionally, in this circuit, a district court cannot look beyond the face of the pleadings. *Id.*

8. As stated in 5B, Wright & Miller, *Federal Practice & Procedure* (2004) § 1357: "A proposition that is at the heart of the application of the Rule 12 (b)…motion and one that is universal acceptance is, that for purposes of the motion to dismiss, (1) the complaint is construed in the light most favorable to the plaintiff; (2) its allegations are taken as true; and (3) all reasonable inferences that can be drawn from the

pleadings are drawn in favor of the pleader [citing *Swierklewitz v. Sorena, N.A.* 534 U.S. 506 (2002); *Rhodes v. U.S.*, 416 U.S. 232 (1976); *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972); and *Maldonado v. City of Pearsel, Texas*, 495 F. 3d 191, 205 (5th Cir. 2007).]

9. The Motion claims that there has been a failure to exhaust administrative remedies. Attached hereto as Exhibit "A" is Baldwin's Charge of Discrimination. This defeats the claim of failure to exhaust administrative remedies.

10. The Motion also claims that Baldwin engaged in no protected activities and that there is no causal connection between the termination and the damages. The causal connection is stated in paragraphs 3 and 7 of the complaint.

11. Because, as noted above in the quotation from 5B Wright & Miller, Federal Practice & Procedure (2004) § 1357, all reasonable inferences that can be drawn from the pleadings are drawn in favor of the pleader, it is reasonable to infer that the Complaint complains of "protected activity."

12. The Motion cites cases that purport to warrant an award of attorneys' fees against the plaintiff. They do not. That would be true only if plaintiff's controlling pleading were frivolous. Manifestly, it is not.

13. Under these liberal standards, the motion to dismiss should be denied.

Respectfully submitted,

By/s/Dan S. Boyd
Dan S. Boyd
State Bar No. 02765500
BOYD & STAPLETON

P.O. Box 803596  
Dallas, Texas 75380  
dan@boydstap.com  
Tel.   (214)478-0152  
Fax:   (214)481-1878  
Web   www.boydstap.com

### CERTIFICATE OF SERVICE

This Response has been served on all counsel of record through the Court's ECF System this 28th day of April, 2022.

/s/Dan S. Boyd  
Dan S. Boyd

4

Exhibit "A"

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To:
- [ ] FEPA
- [X] EEOC

Agency(ies) Charge No(s):

**TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION** and EEOC

*State or local Agency, if any*

**Name** (Indicate Mr., Ms., Mrs.)
**MS. KATRINA M BALDWIN**

Home Phone: 
Year of Birth:

Street Address:
City, State and ZIP Code:

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**
**KENCO LOGISTICS / AMERICAN STANDARD**

No. Employees, Members: **Unknown**
Phone No.:

Street Address:
City, State and ZIP Code:

DISCRIMINATION BASED ON (Check appropriate box(es).)

- [ ] RACE
- [ ] COLOR
- [ ] SEX
- [ ] RELIGION
- [ ] NATIONAL ORIGIN
- [X] RETALIATION
- [ ] AGE
- [ ] DISABILITY
- [ ] GENETIC INFORMATION
- [ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-23-2020
Latest: 10-23-2020

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I. PERSONAL HARM:**
On October 23, 2020, I was wrongfully terminated from the HR Generalist position by ███.

**II. RESPONDENTS REASON FOR ADVERSE ACTION:**
I was told that I was being terminated for job performance issues.

**III. DISCRIMINATION STATEMENT:**
I believe that I was retaliated against in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended after reporting the misconduct of other employees numerous times.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

Digitally signed by Katrina M Baldwin on 08-13-2021 08:14 PM EDT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

Case 3:21-cv-02631-D   Document 16   Filed 01/10/22   Page 11 of 12   PageID 42

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

Case 3:21-cv-02631-D   Document 16   Filed 01/17/22   Page 9 of 12   PageID 143

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.