IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATRINA BALDWIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:21-CV-2631-D |
| VS. | § | |
| | § | |
| KENCO LOGISTIC SERVICES, | § | |
| LLC, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action alleging retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, defendant Kenco Logistic Services, LLC ("Kenco") moves to dismiss with prejudice under Fed. R. Civ. P. 12(b)(6) and also requests attorney's fees. For the following reasons, the court grants Kenco's motion to dismiss, but it denies Kenco's request for attorney's fees.[1]

I

Plaintiff Katrina Baldwin ("Baldwin") filed the instant lawsuit against Kenco in state court on September 16, 2021, alleging a claim for retaliation under Texas law. Kenco removed the case based on diversity jurisdiction and moved to dismiss under Rule 12(b)(6)

___

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

on the grounds that Baldwin's claim was time-barred and that she had failed to state a claim on which relief could be granted.

Baldwin responded to Kenco's motion to dismiss, but concurrently filed a motion for leave to amend her complaint. On December 14, 2021 the court granted Baldwin's motion for leave to amend and denied without prejudice, as moot, Kenco's pending motion to dismiss. Baldwin's amended complaint[2] is substantially the same as her state court petition except that she pleads her claim for retaliation under Title VII, rather than under the Texas Labor Code, and she attaches, as an exhibit, a declaration on the issue of timeliness.

On December 28, 2021 Kenco moved to dismiss Baldwin's amended complaint, contending again that Baldwin's claim was time-barred and that she had otherwise failed to state a claim on which relief could be granted. The court granted Kenco's motion, holding that Baldwin failed to plausibly plead her Title VII based retaliation claim because she did not allege that she engaged in conduct protected by Title VII. *Baldwin v. Kenco Logistics Servs., LLC* (*Baldwin I*), 2022 WL 675808, at *3-4 (N.D. Tex. Mar. 7, 2022) (Fitzwater, J.). Although the court granted Kenco's motion to dismiss, it permitted Baldwin to replead, granting her 28 days to file a second amended complaint.

After Baldwin failed to file a second amended complaint by the April 4, 2022 deadline, Kenco moved anew to dismiss in an April 8, 2022 renewed motion to dismiss Baldwin's amended complaint under Rule 12(b)(6). Kenco includes in the motion a request

---

[2]Baldwin's amended complaint is entitled "Complaint," but it is her amended complaint.

Tex. 1990) (Fitzwater, J.) (internal quotation marks omitted); *see Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). In support of its attorney's fee request, Kenco contends:

> it is clear that after Plaintiff's Amended Complaint was entered into the record, and there were no material changes to factual allegations needed to support a plausible claim for relief, Plaintiff had pleaded her "best case" at that point. Had Plaintiff actually engaged in activity protected by Title VII, and had that activity been causally connected to her termination, she presumably would have pleaded the necessary allegations to show as much by then. Because she did not, and still has not, her Title VII retaliation [claim] is groundless.

D. Br. 6. Kenco maintains that it is entitled to reasonable attorney's fees "for having to move for dismissal twice on Plaintiff's groundless claim." *Id.*

The court is not persuaded that Baldwin's action against Kenco is frivolous, unreasonable, or without foundation. Accordingly, the court, in its discretion, denies Kenco's request for attorney's fees.

\* \* \*

Accordingly, for the reasons explained, the court grants Kenco's motion to dismiss, but it denies Kenco's request for attorney's fees. Baldwin's action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

May 27, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE